IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00804-WYD-MEH

JAMES DUCHARME,

    Plaintiff,

v.

SAVASENIOR CARE, INC., a Delaware Corporation, *et al.*,

    Defendants.
_____

**ORDER ON PLAINTIFF'S MOTION FOR LEAVE TO CONDUCT JURISDICTIONAL DISCOVERY AND FOR ENLARGEMENT OF TIME WITHIN WHICH TO RESPOND TO SCHRON DEFENDANTS' MOTION TO DISMISS**
_____

Plaintiff has filed a motion [Docket #55] to conduct discovery concerning the Defendants Avi and Rubin Schron's Motion to Dismiss [Docket #46] for lack of personal jurisdiction and for an enlargement of time to respond to the Motion to Dismiss. No response has been filed. Oral argument would not materially assist the Court in adjudicating this motion. For the reasons stated below, the Court **denies** the Motion for Leave to Conduct Jurisdictional Discovery as moot, and **grants** the Motion for Enlargement of Time.

A scheduling conference was held in this case on September 12, 2006. The Court set a discovery schedule at that time. In the proposed scheduling order, the parties represented that they met and conferred pursuant to Fed. R. Civ. P. 26(f) on September 7, 2006. Under Fed. R. Civ. P. 26(d), Plaintiff was permitted to engage in discovery commencing on September 7, 2006. There is no stay of discovery of any type in this case. The current motion for jurisdictional discovery was filed on September 11, 2006. At the time the motion was filed, therefore, the motion was already moot,

because discovery was already permitted. Thus, the Court **denies** the Motion for Leave to Conduct Jurisdictional Discovery as moot.

The Motion to Dismiss [Docket #46] was filed on August 28, 2006. Responses to written discovery, if the written discovery was submitted on September 7, would be due on October 10, 2006. Affording two weeks to conduct several depositions after receiving written responses to discovery, October 24, 2006 is a reasonable date by which to have conducted expedited discovery concerning the jurisdictional issues raised in the Motion to Dismiss. Plaintiff requests twenty days thereafter within which to respond to the Motion to Dismiss. The Court does not agree that such an extended date is necessary given the time Plaintiff has had to consider his response to the Motion to Dismiss. Therefore, the Court will give Plaintiff until **November 1, 2006** in which to respond to the Motion to Dismiss.

Accordingly, for the reasons stated above, it is hereby ORDERED that Plaintiff's Motion for Leave to Conduct Jurisdictional Discovery with Regard to the Schron Defendants and Motion for Enlargement of Time within which to Respond to Schron Defendants' Motion to Dismiss [Filed September 11, 2006; Docket #55] is **granted** in part, and **denied** in part as moot. Specifically, Plaintiff shall respond to the Schron Defendants' Motion to Dismiss on or before November 1, 2006.

Dated at Denver, Colorado, this 3rd day of October, 2006.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge