IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  06-cv-00804-WYD-MEH

JAMES DUCHARME, individually,

    Plaintiff(s),

v.

SAVASENIORCARE, INC., a Delaware Corporation;
SAVASENIORCARE, L.L.C., a Delaware Limited Liability Company;
SAVASENIORCARE ADMINISTRATIVE SERVICES, L.L.C., a Delaware Limited Liability Company;
NATIONAL SENIOR CARE, INC., a Delaware Corporation;
MARINER HEALTH CARE, INC.;
LIVING CENTERS ROCKY MOUNTAIN, INC., a Nevada Corporation;
CANYON SUDAR PARTNERS, L.L.C., a Delaware Limited Liability Company;
RUBIN SCHRON, individually;
AVI SCHRON, individually;
HARRY GRUNSTEIN, individually; and
MURRAY FORMAN, individually,

    Defendant(s).

**ORDER**

    THIS MATTER is before the Court *sua sponte*, on Defendants SavaSeniorCare, LLC, SavaSeniorCare Administrative Services, L.L.C., Canyon Sudar Partners, LLC, and SavaSeniorCare, Inc.'s Corporate Disclosure Pursuant to Fed. R. Civ. P. 7.1(a) and D.C.Colo.LCivR 7.4A, filed October 18, 2006 (docket #79).

    Rule 7.1(a) states that "[a] nongovernmental corporate party to an action or proceeding in a district court must file two copies of a statement that identifies any parent corporation and any publically held corporation that owns 10% or more of its

stock or states that there is no such corporation." Similarly, local rule 7.4A states that "[a]ny nongovernmental corporate party or other legal entity to a proceeding in a district court must file a statement identifying all its parent entities and listing any publicly held entity that owns ten percent or more of the party's stock." The information required by Rule 7.1(a) assists the court in determining whether the presiding Judge has a "financial interest" in a party pursuant to the standard set forth in Canon3(C)(1)(c) of the Code of Conduct for United States Judges.

The disclosure statement filed by the Defendants states only that Defendant "SavaSeniorCare Administrative Services, L.L.C., is a wholly-owned subsidiary of [Defendant] SavaSeniorCare, L.L.C.." The disclosure then refers to a chart which purports to identify "all its parent entities of the named Defendants," and another document that is in the possession of the Plaintiff. The chart is illegible, and the disclosure does not comply with the spirit or letter of the rules. In consideration thereof, it is hereby

ORDERED that Defendants SavaSeniorCare, LLC, SavaSeniorCare Administrative Services, L.L.C., Canyon Sudar Partners, LLC, and SavaSeniorCare, Inc.'s Corporate Disclosure Pursuant to Fed. R. Civ. P. 7.1(a) and D.C.Colo.LCivR 7.4A, filed October 18, 2006 (docket #79), is **STRICKEN**. It is

FURTHER ORDERED that each corporate Defendant shall file a separate disclosure statement that clearly sets forth "any parent corporation and any publically held corporation that owns 10% or more of its stock or states that there is no such corporation" on or before **Friday, November 3, 2006**.

Dated: October 25, 2006

                                                                        BY THE COURT:
                                                                         <u>s/ Wiley Y. Daniel</u>
                                                                         Wiley Y. Daniel
                                                                         U. S. District Judge