IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  06-cv-00804-WYD-MEH

JAMES DUCHARME, individually,

    Plaintiff(s),

v.

SAVASENIORCARE, INC., a Delaware Corporation;
SAVASENIORCARE, L.L.C., a Delaware Limited Liability Company;
SAVASENIORCARE ADMINISTRATIVE SERVICES, L.L.C., a Delaware Limited Liability Company;
NATIONAL SENIOR CARE, INC., a Delaware Corporation;
MARINER HEALTH CARE, INC.;
LIVING CENTERS ROCKY MOUNTAIN, INC., a Nevada Corporation;
CANYON SUDAR PARTNERS, L.L.C., a Delaware Limited Liability Company;
RUBIN SCHRON, individually;
AVI SCHRON, individually;
HARRY GRUNSTEIN, individually; and
MURRAY FORMAN, individually,

    Defendant(s).

**ORDER**

THIS MATTER is before the Court on Defendants SavaSeniorCare, L.L.C.; SavaSeniorCare Administrative Services, L.L.C; Canyon Sudar Partners, L.L.C.; and SavaSeniorCare, Inc. (collectively the "Sava Defendants"), Amended Motions to Dismiss Pursuant to F.R.C.P. 12(b)(1) and 12(b)(5) or, Alternatively, to Quash Service of Complaint Upon Defendants, filed July 13, 2006 (docket #s 28 & 29).  Plaintiff filed a response on July 28, 2006, and the Sava Defendants filed a Reply on August 14, 2006. In the Reply, the Sava Defendants acknowledge that the motion to quash is **MOOT**.

They assert, however, that this Court lacks personal jurisdiction over them because they are all foreign corporations which do not do not conduct business in Colorado, have no registered agent in Colorado, and did not participate in the care provided to Plaintiff.

The plaintiff bears the burden to allege in the Complaint sufficient facts to support a reasonable inference that *in personam* jurisdiction exists. *See Texair Flyers, Inc. v. District Court*, 506 P.2d 367, 369 (Colo. 1973). However, to satisfy this burden, Plaintiff need only make a *prima facie* case of personal jurisdiction to defeat a motion to dismiss for lack of personal jurisdiction. *See GCI 1985-1 Ltd. v. Murray Properties Partnership*, 770 F.Supp. 585, 587 (D.Colo. 1991). To this effect, "[t]he allegations in the complaint must be taken as true to the extent they are uncontroverted by the defendant's affidavits[,] [and] [i]f the parties present conflicting affidavits, all factual disputes are resolved in the plaintiff's favor, and the plaintiff's prima facie showing is sufficient notwithstanding the contrary presentation by the moving party." *Id.* at 587 (citations omitted).

In considering a motion to dismiss based on personal jurisdiction, the Court must engage in a two-step analysis. First, the Court must determine whether the exercise of jurisdiction is sanctioned by the Colorado long-arm statute, which is a question of state law. Second, the Court must then determine whether the exercise of jurisdiction comports with the due process requirements of the United States Constitution. *Wenz v. Memery Crystal*, 55 F.3d 1503 (10th Cir. 1995).

Here, Plaintiff has alleged in the Complaint that Defendants SavaSeniorCare,

Inc., SavaSeniorCare, L.L.C., and SavaSeniorCare Administrative Services, L.L.C., are Delaware companies owned by Defendant Canyon Sudar Partners, L.L.C., who owns and operates Terrace Gardens Health Care Center, a long-term care facility licensed by the State of Colorado and located in Colorado Springs.  Complaint at ¶¶ 2, 3, 4, 9, 15.  Plaintiff further alleges that at various times, all of the corporate defendants owned, operated, managed or controlled Terrace Gardens.  Complaint at ¶ 15.  The Complaint further alleges that Defendant Canyon "is believed to be the principal holding company that currently owns the business entities including the Sava Defendants, that own and operate Terrace Gardens."  Complaint at ¶ 9.  These allegations are sufficient to demonstrate that the Sava Defendants transact business within Colorado within the meaning of Colorado's "long-arm" statute, C.R.S. § 13-1-124(1)(a), and that the Sava Defendants have sufficient minimum contacts with Colorado such that the exercise of jurisdiction over these Defendants does not offend traditional notions of fair play and substantial justice.  *See Trierweiler v. Croxton and Trench Holding Corp.*, 90 F.2d 1523, 1532 (10th Cir. 1996).

The Sava Defendants argue in their reply that Plaintiff "consistently and improperly groups the Corporate Defendants together as a single entity and otherwise fails to demonstrate that [Defendants] have the requisite minimum contacts through which Plaintiff may assert personal jurisdiction may be asserted over these entities."  Reply at 2.  The Sava Defendants also assert that Plaintiff has failed to pled facts sufficient to justify piercing the corporate veil.  The Sava Defendants misapprehend Plaintiff's burden at this stage of the proceedings.  As discussed above, to make out a

*prima facie* case of personal jurisdiction, Plaintiff need only pled facts sufficient to support a reasonable inference that personal jurisdiction exists.  *See GCI 1985-1 Ltd. v. Murray Properties Partnership*, 770 F.Supp. 585, 587 (D.Colo. 1991).  Plaintiff has alleged that all of the corporate defendants owned, operated, managed or controlled Terrace Gardens and these allegations in the Complaint are taken as true "to the extent they are uncontroverted by the defendant's affidavits."  *Id.* at 587.  The Sava Defendants have not produced affidavits or other competent evidence that contradict the allegations in the Complaint and, therefore, the allegations in the Complaint must be taken as true.

For the reasons set forth herein, the motions to dismiss for lack of personal jurisdiction filed July 13, 2006 (docket #s 28 & 29) are **DENIED**.

Dated:  December 11, 2006

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge