IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00804-WYD-MEH

JAMES DUCHARME,

    Plaintiff,

v.

SAVASENIOR CARE, INC., a Delaware Corporation, *et al.*,

    Defendants.

_____

### ORDER DENYING MOTION FOR SANCTIONS
_____

**Entered by Michael E. Hegarty, United States Magistrate Judge.**

    Plaintiff has filed a motion [Docket #76], requesting sanctions against the named corporate Defendants for failure to disclose witnesses or documents as required under Fed.R.Civ.P. 26(a)(1). The matter is fully briefed, and oral argument would not materially assist the Court in adjudicating this motion. For the reasons stated below, the Court **denies** the motion.

    In his motion, the Plaintiff argues that in their Rule 26(a)(1) disclosures, corporate Defendants have failed to disclose any witnesses or documents relevant to claims for relief two through five in his Complaint, and have not listed the last known addresses and telephone numbers of their own caregiver employees. Plaintiff claims prejudice from this nondisclosure and inadequate time to remedy the violation. Plaintiff requests an order pursuant to Rule 37(c) preventing these Defendants from using any non-disclosed witnesses or exhibits to defend itself in any motion, hearing or at trial, and excluding the Defendants from calling any of their caregiver witnesses for whom no last known address and phone number have been disclosed.

    Defendants respond that through the three similar cases which Plaintiff's counsel currently

has pending which they allege involve essentially the same claims (*Gordy v. Mariner Health Care, Inc., et al.,* Denver District Court Case No. 2005CV8662, *Mussehl v. Mariner Health Care Inc., et al.*, Denver District Court Case No. 2005CV10216, and this case), the Plaintiff has received the required discovery, that Plaintiff delayed discovery by refusing to sign a Protective Order, and that the Plaintiff cannot establish prejudice in this regard because of fact that this case is in the initial stages of case management.

In this case, even assuming that a Rule 26(a) disclosure violation was made, the Plaintiff's request should be denied based on the record herein. Rule 37(c) provides, in pertinent part:

> A party that without substantial justification fails to disclose information required by Rule 16(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at trial, at a hearing, or on a motion any witness or information not so disclosed. . . .

FED.R.CIV.P. 37(c)(1).

"The determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court." *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999) (quotation omitted). In construing Rule 37(c)(1), the Tenth Circuit has opined:

> A district court need not make explicit findings concerning the existence of a substantial justification or the harmlessness of a failure to disclose. Nevertheless, the following factors should guide its discretion: (1) the prejudice or surprise to the party against whom the testimony [or evidence] is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony [or evidence] would disrupt the trial; and (4) the moving party's bad faith or willfulness.

*Id.*

In this case, the prejudice or surprise to the Plaintiff is mitigated given that there remains almost 4 months in the discovery period and because of the responsibility and ability of the

Defendants to supplement their initial disclosures during this time. Additionally, the record before this Court does not evidence the bad faith or willfulness necessary to justify a sanction as severe as that requested by the Plaintiff at this time. The Defendants are cautioned, however, to take heed of the substance of this motion under Rule 26(e)(1), which requires a party supplement its mandatory disclosures "at appropriate intervals" if that party "learns that in some material respect the information disclosed is incomplete or incorrect." In these early stages of discovery, Plaintiff is reminded of the provisions of Rule 37(a)(1)(A).

Finally, while the Defendants may have believed that the parties agreed that "in the interest of efficiency, discovery in all three cases [Gordy, Mussehl, and Ducharme] has been combined to a large degree," the Federal Rules of Civil Procedure, Local Rules of this Court, and the Scheduling Order entered in this case govern discovery in this Court. Compliance with discovery will be judged by those standards, and those standards alone. Side agreements made by the parties on their own with regard to when and how discovery is to be made in the three similar cases in this regard are not enforceable by the Court.

Accordingly, based upon the foregoing, and the entire record herein, it is hereby ORDERED that Plaintiff's Motion for Sanctions Against Corporate Defendants Pursuant to F.R.C.P. 37(c) for Failure to Disclose Witnesses or Documents [Filed October 9, 2006; Docket #76] is **denied.**

Dated at Denver, Colorado, this 5th day of January, 2007.

By the Court:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge